DAWSON, RECEIVER, v. JACKMAN.

[No. 10,032. Filed November 18, 1919.]

TRIAL.—*Instructions.—Applicability to Evidence.*—Tendered instructions are properly refused where there is no evidence to which they are applicable.

From Martin Circuit Court; *James W. Ogdon,* Judge.

Action by Isaac Dawson, receiver, against Albert

S. Jackman. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*James B. Marshall* and *Frank E. Gilkison,* for appellant.

*Hiram McCormick,* for appellee.

REMY, J.—In August, 1914, Marshall ana Byers entered into a partnership agreement, by the terms of which the latter leased of the former a certain farm for a period of five years; the teams, tools, and labor were to be furnished by Byers, and all live stock, except teams, was to be owned jointly by the parties, who were to share the profits equally. It was also agreed that, "if found desirable by the parties," they would operate in conjunction with the farm a "poultry and dairy business." The business did not prosper and, on application of Marshall, appellant was appointed receiver to take charge of the business. Shortly before the receiver was appointed, a cow and a heifer belonging to the partnership were sold by Byers to appellee without the knowledge or consent of Marshall. This action was commenced by the receiver to recover possession of said stock so sold.

The cause was tried by jury, resulting in a verdict for appellee. Overruling appellant's motion for a new trial is the only error assigned, and the only questions presented for our consideration arise on exceptions to the refusal of the court to give instructions numbered 1 and 2 tendered by appellant, and to the giving by the court on its own motion of certain instructions.

By said tendered instructions appellant sought to have the court instruct the jury that, if they should find from the evidence that the cow and heifer in con-

troversy were, under the agreement of partnership between said Marshall and Byers, a part of a herd of cows owned and kept by said partnership for dairy purposes, then and in that event neither of said parties would have any right to sell said property without the consent of the other party. If the law is as contended for by appellant, and as stated in said instructions, which we do not decide, still there was no error in refusing to give the said tendered instructions, for the reason that there was no evidence that a dairy business had been established by the partnership, or that the live stock in controversy was held for that purpose.

The instructions given by the court on its own motion, when taken as a whole, correctly state the law of the case.

Judgment affirmed.